Filed 10/1/13  In re Mariah T. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re MARIAH T., a Person Coming Under the Juvenile Court Law. | D063920 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J516163C) |
| v. | |
| P.A., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Laura J. Birkmeyer, Judge.  Affirmed.

Neale B. Gold, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel and Lisa M. Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

P.A. appeals a juvenile court order denying her reunification services in the dependency case of her daughter, Mariah T. She contends the court reversibly erred because it would be in Mariah's best interests to provide reunification services to her. We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2013, the San Diego County Health and Human Services Agency (the Agency) petitioned on behalf of newborn Mariah under Welfare and Institutions Code section 300, subdivision (b),[1] alleging she had tested positive for methamphetamine at birth, and P.A. had tested positive for marijuana and methadone, had no prenatal care and admitted she smoked marijuana throughout her pregnancy and smoked methamphetamine just before going into labor with Mariah. The petition further alleged P.A. had failed to reunify with Mariah's two half siblings and she did not have custody of her other child and, Mariah's father, Cesar T., had a history of substance abuse and knew P.A. was using drugs during her pregnancy, but did not stop her. P.A. had a long history of substance abuse. She said she knew she was not ready to be a parent and was not even ready to start working on herself. The court ordered Mariah detained and, at P.A.'s request, ordered voluntary services for her.

P.A. said she had used methamphetamine almost every day during her pregnancy with Mariah and did not stop using drugs because she did not want to have another baby, but was afraid to have an abortion since she had already had about 11 to 12 abortions. She currently lived in an unsafe environment, surrounded by drug use and unsanitary conditions. Two older children had been removed from her custody. N.A. was removed because P.A. reported feeling stress with thoughts of hurting N.A. and because of her drug and alcohol use and failure

_____

[1] Statutory references are to the Welfare and Institutions Code.

2

to arrange adequate care while she worked as a prostitute. P.A. declined to participate in services in N.A.'s case, and N.A. was freed for adoption. Her child, Romeo A., was removed when she and Romeo's alleged father were arrested for getting into a car with Romeo while they were under the influence of methamphetamine. P.A. said she had used methamphetamine while she was pregnant with Romeo. She was not offered reunification services because of her continued drug use and because her services in N.A's case had been terminated.

The social worker said when he met with P.A. about Mariah's dependency, she was open and honest about her past problems and was making efforts through voluntary services to show she wanted to reunify with Mariah. He expressed concern, however, that she had used methamphetamine while pregnant, did not receive prenatal care, had not moved out of a home where the people around her were using drugs and she had no understanding of how to become an adequate parent.

After considering the evidence and argument presented at the jurisdictional and dispositional hearing, the court found the allegations of the petition to be true and that Mariah would be at a substantial risk of harm in parental care. It declared Mariah a dependent of the juvenile court, removed her from parental custody, denied services to P.A. under section 361.5, subdivision (b)(10) and (11), and did not find that it would be in Mariah's best interests to offer P.A. services. The court ordered services for Cesar.

## DISCUSSION

P.A. contends the court reversibly erred by denying reunification services to her. She argues the court should have exercised its discretion to order services under section 361.5, subdivision (c) because offering her services was in Mariah's best interests.

3

P.A. does not contend the court erred by finding section 361.5, subdivision (b)(10) and (11) applicable and denying her services on that basis.[2]  Under section 361.5, subdivision (c), the trial court was therefore required to deny reunification services unless it found by clear and convincing evidence that reunification was in Mariah's best interests.

A court has broad discretion in deciding whether to offer reunification services under section 361.5, subdivision (c).  (*In re William B.* (2008) 163 Cal.App.4th 1220, 1227-1229.)  A determination "committed to the sound discretion of the juvenile court . . . should not be disturbed on appeal unless an abuse of discretion is clearly established."  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)  " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.' "  (*Id*. at pp. 318-319.)

P.A. has not shown an abuse of the court's discretion.  Although she was open and honest about her drug use and failures to reunify with N.A. and Romeo, expressed an interest in reunifying with Mariah and was making efforts to begin voluntary services, she had a very long history of substance abuse, had not moved out of an environment where drug use was

_____

[2]     Section 361.5, subdivision (b)(10) provides reunification services need not be provided when the court finds by clear and convincing evidence:  "That the court ordered termination of reunification services for any siblings or half siblings of the child because the parent or guardian failed to reunify with the sibling or half sibling after the sibling or half sibling had been removed from that parent or guardian pursuant to Section 361 and that parent or guardian is the same parent or guardian described in subdivision (a) and that, according to the findings of the court, this parent or guardian has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling of that child from that parent or guardian."
     Section 361.5, subdivision (b)(11) provides reunification services need not be provided to a parent when the court finds by clear and convincing evidence:  "That the parental rights of a parent over any sibling or half sibling of the child had been permanently severed, and this parent is the same parent described in subdivision (a), and that, according to the findings of the court, this parent has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling . . . ."

4

prevalent and delayed in starting therapy that was offered on a voluntary basis. She had not participated in reunification services for N.A. and Romeo, and, despite losing custody of these children, never had any substance abuse treatment, but used methamphetamine daily while she was pregnant with Mariah. She told the social worker she knew she could not be a safe parent for Mariah and she needed to overcome many problems that stem from her terrible childhood and long history of drug abuse and instability. P.A.'s short period of voluntary services did not show there was any likelihood that ordering services for her would result in her becoming a safe and adequate parent. She has not shown the court abused its discretion by denying her services or by finding that providing her with services was not in Mariah's best interests.

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

NARES, J.

McDONALD, J.

5